■ In the Matter of WESTBROOK FARMS, INC., Petitioner, v J. ROGER BARBER, as Commissioner of Agriculture and Markets of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of Agriculture and Markets which conditionally revoked· petitioner's milk dealer's license and denied petitioner's request for an extention of its milk dealer's license. Petitioner is a New Jersey corporation which holds a New York license to engage in the business of processing, pasteurizing and packaging milk. It purchases some of its raw milk from New York State producers, sells bulk milk and cream to other licensed milk dealers, and sells and delivers packaged milk to specified customers and store locations. Charges were made by respondent that petitioner was not financially responsible to properly conduct the business of buying and selling milk; failed to properly pay for milk purchase and for administration fund payments; sold milk outside its licensed locations; indi-

cated an unwillingness to properly conduct its business; and, maintained officers who held similar positions in its subsidiary corporation which was subject to license suspension or revocation. A hearing was held on these charges, as well as upon petitioner's application to extend its license to include two additional customers. Respondent issued an order denying the extension application, and conditioning petitioner's existing license upon (1) filing a surety bond to insure payment to the Milk Producers' Settlement Fund; (2) providing a written agreement to make timely future payments to the settlement fund and administration fund; (3) discontinuing sales to a specified retail customer; and (4) agreeing in writing to refrain from sales to customers beyond its license by use of intermediaries. This CPLR article 78 proceeding was commenced by petitioner to review respondent's order. After this proceeding was perfected, petitioner filed a petition under the Bankruptcy Act [US Code, tit 11] and is not a debtor in possession. By letters from its attorney and president, petitioner notified respondent that it had sold and transferred its wholesale milk distributing business in New York State and relinquished its license rights to sell to retail stores. By subsequent letter, its attorney advised respondent that petitioner had discontinued the purchase of milk from New York State producers, but continues as a licensed milk dealer selling milk to other licensed milk dealers in New York State. Thereupon, respondent moved to dismiss this proceeding as moot. Petitioner has opposed the motion contending that it continues to do business by selling milk (apparently purchased without this State) to two other licensed milk dealers in this State. The affidavits and exhibits submitted by both parties clearly demonstrate that petitioner is no longer engaged in either purchases of milk from New York State producers, or in the sale and distribution of its products to retailers in this State. Presumably, respondent will grant petitioner's request to amend its license to effect such diminutions of authorization, obviating the need for a surety bond or agreement pertaining to sales to retailers. The motion to dismiss this proceeding as moot should be granted. Respondent's order is applicable only to those business activities which petitioner itself has either voluntarily sold or discontinued. The only remaining portion of petitioner's business, as permitted by its license, is the selling at wholesale to J & J Dairy, Inc., and Sunnydale Farms, Inc. Since no portion of respondent's order affects this sole remaining segment of petitioner's business, it cannot be gainsaid that the issues presented upon this proceeding are moot. Proceeding dismissed as moot, without costs. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Herlihy, JJ., concur.